UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DANTE PATTISON,

Plaintiff,

v.

THE STATE OF NEVADA, *et al.*,

Defendants.

Case No. 3:19-cv-00425-MMD-WGC

ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 4) ("R&R") relating to Plaintiff's application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1) and motion requesting an order to receive a tape recorder (ECF No. 3). Plaintiff filed objections on August 7, 2019. (ECF No. 6.) Additionally before the Court is Plaintiff's motion requesting several subpoenas *duces tecum*. (ECF No. 5.) The Court overrules Plaintiff's objections and accepts the R&R for the following reasons. The Court also denies Plaintiff's motion requesting subpoenas *duces tecum*.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D.

Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed). In light of Plaintiff's objections, the Court will conduct a *de novo* review.

Plaintiff brings his action because he wants to perpetuate certain evidence—depositions, interrogatories, and requests for production of documents—in anticipation of a future action. (*See* ECF No. 1-1 at 1-3.) The Magistrate Judge recommended denying Plaintiff's IFP Application and dismissing this case because Plaintiff failed to comply with Federal Rule of Civil Procedure 27 governing depositions to perpetuate testimony. (ECF No. 4 at 2-3.) Rule 27 allows a person who wants to perpetuate testimony to file a verified petition that requests an order authorizing a deposition to perpetuate testimony. The petition must show the following:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> (B) the subject matter of the expected action and the petitioner's interest;
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(1). The Magistrate Judge found that Plaintiff "provide[d] no factual basis of the action he intends to bring in the future, and he fails to state the facts he wants to establish, what testimony is expected, or why testimony must be perpetuated now." (ECF No. 4 at 2.) The Magistrate Judge thus concluded Plaintiff "has not satisfied the requirements of Rule 27." (*Id.*) The Magistrate Judge also noted that Rule 27 does not apply to requests for production of documents or interrogatories. (*Id.* at 3.)

Plaintiff objects, first arguing that the Court must construe his filing liberally. (ECF No. 6 at 1.) Even construing Plaintiff's filings liberally, however, Plaintiff has not complied

2

1 | with Rule 27. (*See* ECF No. 1-1 at 1-3 (failing, for example, to identify the facts petitioner wishes to establish).)

Plaintiff next argues that the Magistrate Judge incorrectly determined that Rule 27 did not apply to requests for production of documents or interrogatories. (ECF No. 6 at 1-2.) While Rule 27 allows deposition testimony to be "taken orally or by written interrogatories," Fed. R. Civ. P. 27(a)(3), Rule 27 does not encompass requests for production of documents, and Plaintiff has not complied with the requirements of Rule 27 besides.

Finally, Plaintiff attempts to make the required showings under Rule 27 in his objection. (*See* ECF No. 6 at 3-4.) However, Plaintiff still has not identified facts that he wishes to establish. Among the facts that Plaintiff states he intends to establish are that certain individuals "[r]etaliated against me for protected whistleblower activity they have conscious knowledge of," and that they "used undue influence to abuse the Classification Process to falsely arrest and hold me in 8B." (ECF No. 6 at 3.) These are not facts—they are conclusory allegations. Plaintiff has failed to identify the underlying factual basis for these conclusions that he wishes to identify through deposition. Plaintiff also asserts that surveillance video camera footage will be destroyed, but as the Magistrate Judge noted, Rule 27 is not a vehicle for requesting production of documents.

Accordingly, the Court will overrule Plaintiff's objections and adopt the R&R. The Court additionally will deny Plaintiff's motions (ECF Nos. 3, 5) requesting subpoenas *duces tecum* and an order to receive tape recorder because Rule 27 does not apply to these requests. Plus, Plaintiff has not satisfied the requirements of Rule 27 to obtain any relief under that rule.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 4) is accepted and adopted in its entirety.

It is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is denied.

1 It is further ordered that Plaintiff's pending motions (ECF Nos. 3, 5) are denied.

2 It is further ordered that this action is dismissed and that the Clerk of the Court close this case.

DATED THIS 26th day of August 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE